UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSAN WALSH                                                        NO. 08-791

VERSUS                                                            CIVIL ACTION

LIFER INSURANCE COMPANY OF NORTH AMERICA          SECTION "K" (1)

## ORDER AND REASONS

Before the Court is Defendant's FRCP 12(b)(6) Motion to Dismiss.  Rec. Doc. 4.  Plaintiff

filed an Opposition.  Rec. Doc. 8.  The Motion came for hearing on March 12, 2008, without oral

argument and was submitted on the briefs.  The Court, having considered the arguments of the

parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and

ready to rule.

## I.      BACKGROUND

In 2000, Susan Walsh (hereinafter, Plaintiff) was diagnosed with relapsed polychondritis,

an autoimmune disease that attacks cartilage in the body.  At the time Plaintiff was diagnosed, she

was employed with the Tulane School of Medicine as an RN Abstractor.  Tulane sponsored a long

term disability insurance program for its employees issued by Defendant, Life Insurance Company

of North American (hereinafter,  LINA ).  There is not any dispute that Plaintiff was covered by the

insurance plan.

In 2004, Plaintiff applied to LINA for long term disability benefits.  Initially, the claim was

denied but later the decision was reversed.  LINA began paying long term disability benefits on July

25, 2005. On May 31, 2006, Plaintiff's benefits were terminated following a functional capacity

evaluation indicating Plaintiff could perform her job.  LINA notified Plaintiff that it no longer

considered her disabled from performing her occupation.  The denial was appealed to no avail.

Plaintiff instituted this action in the Louisiana Twenty-Fourth Judicial District Court, Parish

of Jefferson, alleging: (1) that she is entitled to a judgment that LINA breached its fiduciary duty to act solely in the interest of plan participants; (2) entitled to an injunction removing LINA from any fiduciary responsibility involving her claim and/or enjoining LINA from violating the terms of the plan agreement, withholding any documents, and awarding her payment of all past due and future disability benefits; and (3) that she is entitled to relief under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132 (a)(1)(B), specifically, a judgment awarding her the full measure of disability benefits due under the policy.  Plaintiff also seeks attorney's fees.  *See* Exhibit "1" attached to Rec. Doc. 1 at pp. 3-7.

LINA timely removed the action to this Court on January 30, 2008, and filed the instant Motion to Dismiss on February 7, 2008.  Rec. Docs. 1, 4.  LINA's Motion requests dismissal of only the fiduciary duty claim against it arguing that Plaintiff's claim is to obtain long term disability benefit payments pursuant to Section 502 (a)(1)(B) of ERISA; 29 U.S.C.A. § 1132 (a)(1)(B) and therefore, her breach of fiduciary duty claim, whether grounded in Section 502(a)(2) or 502 (a)(3) of ERISA, 29 U.S.C.A. § 1132 (a)(2) or (a)(3), is barred because Section 502 (a)(1)(B), 29 U.S.C.A. § 1132 (a)(1)(B) provides her exclusive remedy.  Stated differently, because Plaintiff has an adequate remedy at law to address her alleged wrongful denial of benefits under Section 502 (a)(1)(B), 29 U.S.C.A. § 1132 (a)(1)(B), LINA argues she may not simultaneously maintain the claim for breach of fiduciary duty under either Section 502(a)(2) or Section (a)(3), 29 U.S.C.A. § 1132 (a)(2) or (a)(3).

Plaintiff counters that she can maintain an action seeking injunctive relief under Section 502(a)(3), 29 U.S.C.A. § 1132 (a)(3) and also maintain a Section 502(a)(1)(B), 29 U.S.C.A. § 1132 (a)(1)(B) claim for recovery of benefits.  According to Plaintiff, Section 502(a)(3), 29 U.S.C.A. §

1132 (a)(3) allows a court to award equitable or remedial relief as it deems appropriate, including removing a fiduciary.  Plaintiff also points out that the principle relied upon by LINA (i.e  that section (a)(1) precludes (a)(3) recovery) is inapplicable to this case because she is seeking different types of relief under the two sections of the statute.  Since she is not utilizing Section 502(a)(3), 29 U.S.C.A. § 1132 (a)(3) to recover benefits under the plan, but rather seeking it to recover equitable as opposed to legal remedies, her equitable claims for breach of fiduciary duty survive.  Plaintiff also touches upon the merits of her breach of fiduciary duty cause of action arguing that this Court should deny the Motion to Dismiss and apply a de novo standard of review with no deference afforded LINA's decision.

## II.      LAW AND ANALYSIS

Dismissal pursuant to FRCP 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.  *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).  When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988).  The Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief.  *Bell Atlantic Corp. v. Twombly,*  127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

In *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the

Supreme Court interpreted Section 1132 (a)(3)[1] to allow a plaintiff to sue for breach of fiduciary duty for personal recovery when no other "appropriate" equitable relief is available.   Stated differently, the *Varity* Court held that an ERISA plaintiff may bring a private action for breach of fiduciary duty only where there is no other remedy available under 29 U.S.C. § 1132.   In allowing beneficiaries to obtain equitable relief with a Section 1132(a)(3) claim, the Supreme Court pays deference to the canon "the specific governs the general" that the legislature had in mind when it created ERISA.   The Supreme Court has understood this canon to be a warning against applying a general provision when doing so would undermine limitations created by a more specific provision. The Supreme Court has interpreted § 1132(a)(3) to be a "catchall provision" which acts as a safety net, offering appropriate equitable relief for injuries caused by violations that § 1132 does not remedy.  *Varity,* 516 U.S. at 513.  In *Varity,* the plaintiffs did not have adequate relief under Section 1132 (a)(1)(B) because they were no longer members of the plan and therefore, had no benefits due enforceable by (a)(1)(B). Thus, relief under other sections of 1132 was appropriate.

Following *Varity,* when a plaintiff has brought claims under both Sections 1132(a)(1)(B) and 1132(a)(3), the Fifth Circuit has instructed that dismissal of the Section 1132(a)(3) claim is proper because there is appropriate relief is available under Section 1132(a)(1)(B).  *See Musmeci v. Schwegmann Giant Super Markets, Inc*. 332 F. 3d 339, 349 n.5 (5th Cir. 2003)(pointing out that because Plaintiffs were found to have an adequate remedy at law under section1132(a)(1)(B), they were foreclosed from equitable relief under (a)(3)); *Estate of Bratton v. National Union Fire Ins. Co. of Pittsburgh, PA*  215 F.3d 516, 526 (5th Cir. 2000)(finding that the Plaintiff while alleging relief due under § 502(a)(3) sought only disability benefits allegedly due under the applicable policy

---

[1]The Court uses the United States Code citation but clarifies that it is referring to corresponding 502 section.

for which § 502(a)(1)(B) affords an adequate remedy; thus, the section (a)(3) remedy was foreclosed); *Rhorer v. Raytheon Engineers and Constructors, Inc*., 181 F.3d 634, 639 (5th Cir.1999)(finding that in addition to seeking damages for breach of fiduciary duty, Plaintiff sought recovery of plan benefits under § 1132(a)(1)(B) and that the recovery of plan benefits was the predominate cause of action in this suit. Because Section 1132(a)(1)(B) affords plaintiff an avenue for legal redress, she was not able to simultaneously maintain her claim for breach of fiduciary duty under section (a)(3)); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir.1998)(finding that Plaintiff's attempt to justify breach of fiduciary duty claims from his coverage and benefits claim were inadequate and therefore, because Plaintiff has adequate redress for his claims for the alleged improper denial of benefits through his right to sue the plans directly under section (a)(1), he has no claim for relief for the alleged breach of fiduciary duty under section (a)(3)).  A potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under Section 1132(a)(1)(B) for benefits allegedly owed.  *Tolson*, 141 F. 3d at 610.  Dismissal of the Section 1132(a)(3) breach of fiduciary duty claim is warranted when the Section 1132(a)(1)(B) claim to recover disability benefits is the predominate cause of action in the plaintiff's suit.  *Rhorer,* 181 F. 3d at 639.

Additionally, recent federal cases have said that it is "settled law" in the Fifth Circuit that a plaintiff who brings a lawsuit for benefits may not also bring a claim under § 1132(a)(3) for breach of fiduciary duty.  *Metro. Life Ins. Co. v. Palmer*, 238 F.Supp.2d 826, 830 (E.D.Tex.2002)*(citing Constantine v. Am. Airlines Pension Benefit*, 162 F.Supp.2d 552, 557 (N.D.Tex.2001)).  *See also Zavala v. Liberty Life Assurance Company of Boston*, 2005 WL 2100960 (W.D. Tex. 2005).

Plaintiff's opposition concedes that she cannot seek the same relief under Section 1132(a)(1)(B) and Section 1132(a)(3) because a Section 1132(a)(3) claim is unavailable as a matter

of law when a Section 1132(a)(1)(B) claim affords Plaintiff an adequate remedy.[2]   However, citing

jurisprudence from other Circuits, she argues that this rule applies only when the claims are

duplicative of one another and because the nature of the relief under each section is different, then

she can proceed.  After reviewing Plaintiff's Complaint, the Court finds this argument without merit.

As discussed *supra,* the most recent United States Supreme Court and Fifth Circuit cases hold

that where a plaintiff seeks recovery under both Section 1132(a)(3) and Section 1132(a)(1)(B), the

Section 1132(a)(1)(B) claim alone provides the plaintiff with an adequate remedy.  As a matter of

general policy, the legislature designated Section 1132(a)(3) as the "catchall" section that would

afford plaintiffs an adequate remedy only when no other remedies under Section 1132 are available

to them.  The cases look at whether or not the claim for benefits is "the predominant cause of action."

In the instant case, the predominate cause of action is Plaintiff's denial of disability benefits.  In her

original petition for damages Plaintiff requests that the Court make a finding that LINA breached its

fiduciary duty **by failing to act** in the interest of plan participants entitling her to injunctive relief and

damages.  See Exhibit "1" attached to Rec. Doc. 1 at p. 6, paragraph XII.  The purported failure to

act by LINA is its violation of the plan in not paying the benefits and the alleged act of self-interest

by LINA in not to paying Plaintiff her  benefits.  Moreover, the equitable relief sought, removal of

LINA as a fiduciary, with respect to Plaintiff's claim for benefits corresponds with and is part and

parcel of her claim based upon the denial of her benefits.  The issuance of the injunction requested

---

[2]Plaintiff filed a § 1132(a)(1)(B) claim as a consequence of being denied long term disability benefit payments.  Her Complaint specifically requests relief under Section 502(a)(1)(B) of ERISA, 29 U.S.C.A. § 1132 (a)(1)(B), and requests "a judgment awarding her the full measure of disability benefits under the Policy."  *See* Exhibit "1" attached to Rec. Doc. 1 at p. 7, paragraph XVI.  While Plaintiff does not state in her original pleadings the section of ERISA utilized for her breach of fiduciary duty claims, her opposition memorandum provides she is seeking relief under Section 1132(a)(3) for breach of fiduciary duty.

by Plaintiff would, in essence, allow the replacement of LINA with another fiduciary who would review Plaintiff's claim and perhaps, be inclined to pay Plaintiff the benefits that she has been denied to date.  Further, Plaintiffs Section (a)(3) claim for fiduciary duty breach is duplicative of the predominate claim for denial of benefits.  As she has available relief under Section 1132 (a)(1)(B) to address these claims, her Section 1132 (a)(3) claim, even though couched in terms of equitable relief, is dismissed.

Plaintiff filed a claim to recover disability benefits under Section 1132(a)(1)(B), and this specific section alone provides an adequate remedy to Plaintiff.  Plaintiff cannot simultaneously recover under Section 1132(a)(1)(B) and Section 1132(a)(3) for the same alleged bad acts by couching her Section (a)(3) claim as one for equitable relief.  Having filed a Section1132(a)(1)(B) claim for denial of disability benefits for which there is an adequate avenue for legal redress, Plaintiff cannot additionally seek recovery under Section 1132(a)(3) for breach of fiduciary duty.

In light of this finding, discussion of all remaining arguments is pretermitted.

Accordingly and for the reasons stated herein,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Breach of Fiduciary Duty Claim, Rec. Doc. 4, is **GRANTED**.

New Orleans, Louisiana, this  9th  day of May, 2008.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**